Nicholson, C. J.,
delivered the opinion of the Court.
Bedford sued Brinkley as endorser on a bill of exchange drawn by Edward W. Rucker on W. B. Waldron, Secretary and Treasurer of the M. & L. R.R., payable to N. B. Forrest for $5,000, dated October 5, 1867, and payable ninety days after date, and endorsed by N. B. Forrest and R. C. Brinkley. Among the various pleas filed were two denying the right of Hon. C. W. Heiskell to exercise the jurisdiction and functions of a Circuit Judge. These pleas were stricken out, on motion, and this ruling of the Court raises' the first question- relied on as error.
Judge Heiskell was elected a Circuit Judge on the fourth Thursday of May, 1870, which was several *801 weeks subsequent to the time when the Constitution of 1870 went into operation. It is not denied that the election on the fourth Thursday of May, 1870, was in pursuance of the Act of 1869, ch. 28, which created the first Circuit Court of Shelby county, and directed the election of a Circuit Judge to be held on that day. But it is said that the Constitution of 1870 fixed the election for judicial officers on the first Thursday of August, 1870, and that the necessary operation of this constitutional provision was to annul and vacate 'the direction in the Act of 1869, which required the election to be held on the fourth Thursday of May, 1870. If there is no other provision in the Constitution which, by fair interpretation, excepts the election held under the Act of 1869 from the operation of the constitutional provision, then the result contended for necessarily follows.
By reference to Art. 11, See. 1 of the Constitution, it is found that all laws then in force and use, not inconsistent with this Constitution, shall continue in force and use until they shall expire, or be altered, etc. This provision was intended to except from the general operation of the Constitution such laws then in force as would expire at some subsequent time prescribed by the Constitution.
The Act of 1869, providing for the election of a Circuit Judge on the fourth Thursday of May, 1870, was in force and must be presumed to have been known to the members of the convention. They knew that if there was no saving clause introduced to except this act from the operation of the Consti *802 tution it would necessarily be annulled. Hence the first Section of the Schedule provides, “that no inconvenience may arise from a change of the Constitution, it is declared that the Governor of the State, the members of the General Assembly, and all officers elected at or after the general election in March, 1870, shall hold their offices for the terms prescribed in this Constitution. This Section distinctly recognizes the right of all officers elected after the general election in March, 1870, to continue in office for the terms prescribed in the body of the Constitution. The necessary interpretation of this language is, that any elections authorized to be held by laws existing at the March election or afterward, and before the time fixed for the first general election in August, 1870, shall not be interfered with by the Constitution, but the laws authorizing them shall continue in force until they expire, and the officers so elected shall hold their offices for the terms prescribed in the Constitution. It is, therefore, clear that the election on the fourth Monday in May, 1870, was legal; and that Judge Heiskell was legally elected a Circuit Judge.
It is next argued that if it be conceded that Judge Heiskell was legally elected in May, 1870, yet, that he had no right to exercise the functions of a Circuit Judge in July, 1870, .when the case before us was tried; for the reason that by Sec. 5 of' Art. 7 of the Constitution, the term of each officer elected in August, 1870, shall be computed from the first day of September next succeeding his election. But it is observed tliat this provision has special reference to' *803 the time from which the terms of the officers to be elected in August, 1870, are to be computed, and cannot have reference to the terms for which the officers elected in May, 1870, are to hold.
These officers elected in May, 1870, are to hold their offices for the terms fixed by the Constitution. The fact that the terms of those elected in August, 1870, are fixed to commence on the first of September, 1870, while those elected in May, 1870, are not included in that provision, furnishes conclusive evidence .that it was not intended that their terms should be postponed until that time, but that they were intended to hold their offices from the date of their elections in May, 1870. It follows that Judge Heiskell’s term of office commenced from his election and commission in May, 1870. He was, therefore, a legal and constitutional Judge in July, 1870, when he presided on the trial of the cause now before us.
If it should be asked when his term of office will expire, the answer is,, that his term is computed from the first of September, 1870, .and will continue for eight years from that date; and until his successor shall be elected and qualified. It results in giving to the officers elected in May, 1870, somewhat longer terms than to those elected in August,- 1870. But this was unavoidable in changing the times of the elections, and in providing against any interregnum in any of the offices. It is next relied on as error that the cause was tried out of its regular, order on the trial docket against the protest of the defendant. We are unable to see the force of this objection. It *804 appears that this cause was fixed for trial on a day-specified, with the consent of the defendant, at the May Term, 1870, of the late Circuit Court of Shelby county; but that before the day arrived the Legislature abolished that Court, established the first Circuit Court, and ordered the causes to be transferred to the new Court. When the new Court met in July, 1870, the Judge commenced at the point on the docket to which he had reached in the old Court, and fixed a day for the trial of this cause, of which the defendant had notice. There was no abuse of discretion in' this,, and no injustice done to defendant. This ground of error is not well taken.
The last error insisted on is, that the Judge gave to the jury a wrong definition of what is regarded in law as accommodation paper. The defendant was insisting on the defense of usury, and the charge was intended to instruct the jury as to the character of accommodation paper, in buying which at a greater discount than six per cent, the purchaser would be guilty of usury. In view of the defense made, in the case the charge is fully sustained by the case of Wetmore v. Brien, 3 Head 723. Upon the whole case we find no error, and affirm the judgment.